E-FILED
Friday, 30 April, 2021  09:25:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MIGUEL NAVARRO, | ) | |
|   Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 21-1027 |
| | ) | |
| NURSE WADE and | ) | |
| LIEUTENANT FISHER, | ) | |
|   Defendants | ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims Defendants Nurse Wade and Lieutenant Fisher violated his constitutional rights at the Federal Correctional Institution at Pekin, Illinois (FCI Pekin).

Plaintiff says he was moved into a new cell with a new cellmate on December 18, 2020, and both were tested for COVID-19. Four days later, Plaintiff was informed his cellmate had tested positive and Plaintiff needed to be retested.

Plaintiff claims Nurse Schumm gave him the information and said she was surprised Plaintiff was not told about his cellmate's test results.  Plaintiff says Defendant Nurse Wade conducted the initial test and Defendant Fisher was in charge of the housing unit and cell placement.  Plaintiff says the two Defendants failed to take immediate steps after learning Plaintiff's cell mate had the virus.  As a result, the second test confirmed Plaintiff now had COVID-19.

For the purposes of notice pleading, Plaintiff has articulated a claim alleging the two Defendants violated his Eighth Amendment rights when they were deliberately indifferent to a serious threat to his health and safety. *See i.e. Wells v. Wexford of Indiana LLC*, 2021 WL 663519, at *2 (S.D.Ind. Feb. 19, 2021).

Plaintiff says prison officials denied him an opportunity to exhaust his administrative remedies, and therefore he filed his complaint within a month of his positive COVID-19 test.  Exhaustion of administrative remedies is an affirmative defense that Defendants can address if appropriate after they are served. *See Jones v Bock*, 549 U.S. 199 (2007).

Plaintiff is also reminded the Court has granted his motion to proceed *in forma pauperis*, but Plaintiff was advised he must pay the initial partial filing fee of $35.19 on or before April 15, 2021 or his case could be dismissed. *See* March 16, 2021 Text Order. Plaintiff has failed to pay the fee.  Therefore, the Court will allow Plaintiff until May 20, 2021 to either pay the initial fee of $35.19 in full or explain in writing why he is unable to make this payment.  If Plaintiff again ignores the Court's order, his case may be dismissed without prejudice.

2

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Nurse Wade and Lieutenant Fisher violated Plaintiff's Eighth Amendment rights when they were deliberately indifferent to a serious threat to his health and safety from December 18, 2021 to December 22, 2021.  The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**10) The Court will allow Plaintiff an extension of time to pay the initial partial filing fee of $35.19.  Plaintiff must either pay the $35.19 in full on or May 20, 2021, or he must explain in writing why he is unable to make this payment.  If Plaintiff again ignores the Court's order, his case may be dismissed without prejudice.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Attempt service on Defendants pursuant to the standard procedures; 2) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 3 Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 30th day of April, 2021.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE